KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

ROBERT H. STIER, JR. (*to be admitted pro hac vice*) rstier@pieceatwood.com
MARGARET M. O'KEEFE (*to be admitted pro hac vice*) mokeefe@pieceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
Telephone: (207) 791-1100
Facsimile: (207) 791-1350

Attorneys for Plaintiff
THERMO FISHER SCIENTIFIC, INC.

E-filing

HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMO FISHER SCIENTIFIC, INC, <br><br> Plaintiff, <br><br> v. <br><br> QUAWELL TECHNOLOGY, INC., PETER ZUO, WISDOM APPLIED SCIENCE LLC, WISBIOMED LLC, MARTIN WANG, LOWAN SCIENTIFIC LLC, and YONGXIANG (ROGER) LUO, <br><br> Defendants. | Case No.: CV10 5443 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff THERMO FISHER SCIENTIFIC, INC. ("THERMO FISHER"), for its complaint against defendants QUAWELL TECHNOLOGY, INC. ("QUAWELL"), PETER ZUO, WISDOM APPLIED SCIENCE LLC ("WAS"), WISBIOMED LLC ("WISBIOMED"), MARTIN WANG,

1

LOWAN SCIENTIFIC LLC ("LOWAN") and YONGXIANG (ROGER) LUO (collectively referred to as "Defendants" where appropriate), alleges as follows:

## INTRODUCTION

1. Plaintiff THERMO FISHER brings this action to stop Defendants and their principals from the continuing infringement of two patents covering THERMO FISHER'S Nanodrop micro-volume spectrophotometers. The individual defendants, acting in concert, and using their respective irresponsible corporate entities to carry out their own infringements and wrongfully to avoid personal liability, are making and selling cheap knock-offs of the patented technology that are marketed on the Internet under the tradename Quawell.

## THE PARTIES

2. Plaintiff THERMO FISHER is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Waltham, Massachusetts. It is a world leading supplier of analytical instruments, equipment, consumables and laboratory supplies, including innovative technologies for mass spectrometry, elemental analysis, molecular spectroscopy, sample preparation, informatics, fine and high-purity chemistry production, cell culture, RNA interference analysis and immunodiagnostic testing.

3. Plaintiff is informed and believes, and on that basis alleges, that defendant QUAWELL is a corporation organized and existing under the laws of the State of California and has its principal place of business in a residential apartment complex at 4240 Terman Drive, #203 in Palo Alto, California.

4. Plaintiff is informed and believes, and on that basis alleges, that defendant Peter Zuo owns and operates defendant QUAWELL and resides at 5499 Golubin Common, Fremont, California.

5. Plaintiff is informed and believes, and on that basis alleges, that defendant WAS is a limited liability company organized and existing under the laws of the state of Delaware and has its principal place of business at 18171 Valley Blvd., La Puente, California.

6. Plaintiff is informed and believes, and on that basis alleges, that defendant WISBIOMED is a limited liability company organized and existing under the laws of the state of

1  California and has its principal place of business at a residential address at 120 Boothbay Avenue,
2  Foster City, California.

3      7.    Plaintiff is informed and believes, and on that basis alleges, that defendant Martin
4  Wang owns and operates WISBIOMED and resides at 120 Boothbay Avenue, Foster City,
5  California.

6      8.    Plaintiff is informed and believes, and on that basis alleges, that defendant LOWAN is
7  a limited liability company organized and existing under the laws of the state of California and has
8  its principal place of business at 745 E Brokaw Road, San Jose, California.

9      9.    Plaintiff is informed and believes, and on that basis alleges, that defendant Yongxiang
10 (Roger) Luo owns and operates LOWAN and resides at 1562 Timbercreek Drive, San Jose,
11 California.

## JURISDICTION AND VENUE

12
13     10.    This is an action for patent infringement arising under the patent laws of the United
14 States (Title 35, United States Code).

15     11.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.
16 §§ 1331 and 1338(a).

17     12.    This Court has personal jurisdiction over the Defendants, and each of them, because
18 defendants have purposely availed themselves of the privilege of conducting activities, including
19 doing business, within the State of California, including the Northern District of California.

20     13.    Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b-c) and 1400(b),
21 because Defendants have committed acts of patent infringement in this district.  Specifically,
22 plaintiff THERMO FISHER is informed and believes, and on that basis alleges, that Defendants
23 purposely manufactured, shipped, distributed, sold, imported, and/or offered for sale and promoted
24 for sale products that infringe plaintiffs' patents throughout the United States, including within the
25 Northern District of California, and that these activities are continuous and ongoing.

## CLAIM FOR RELIEF: PATENT INFRINGEMENT

26
27     14.    On September 30, 2003, United States Letters Patent No. 6,628,382 ("the '382
28 patent"), entitled "Liquid photometer using surface tension to contain sample," was duly and legally

issued by the United States Patent and Trademark Office to Charles William Robertson. A copy of the '382 patent is attached as Exhibit A.

15. On October 26, 2004, United States Letters Patent No. 6,809,826 ("the '826 patent"), entitled "Liquid photometer using surface tension to contain sample," was duly and legally issued by the United States Patent and Trademark Office to Charles William Robertson. A copy of the '826 patent is attached as Exhibit B.

16. Plaintiff THERMO FISHER, by lawful assignment to its wholly-owned subsidiary, is the owner of all rights, title and interest in and to the '382 patent and the '826 patent.

17. Plaintiff is informed and believes, and on that basis alleges, that Defendants have infringed and continue to infringe one or more claims of the '382 patent by making, having made, using, offering for sale, distributing and/or selling micro-volume spectrophotometers, including, but not limited to the Quawell Q3000 and Q5000 micro-volume spectrophotometers, throughout the United States. Defendants will continue to do so unless enjoined by this Court.

18. Plaintiff is informed and believes, and on that basis alleges, that Defendants have infringed and continue to infringe one or more claims of the '826 patent by making, having made, using, offering for sale, distributing and/or selling micro-volume spectrophotometers, including, but not limited to the Quawell Q3000 and Q5000 micro-volume spectrophotometers, throughout the United States. Defendants will continue to do so unless enjoined by this Court.

19. Plaintiff is informed and believes, and on that basis alleges, that individual defendants Zuo, Wang and Luo, acting in concert, have willfully and knowingly participated in the manufacture, distribution and sale of the infringing articles, and have induced and contributed to the infringement by others, while using their corporate entities as instruments to carry out their own infringements, thereby subjecting themselves to personal liability as infringers.

20. Plaintiff is informed and believes, and on that basis alleges, that Defendants have, and had at the time of their acts of infringement, actual or constructive notice of the '382 and '826 patents.

21. As a proximate result of Defendants' acts of infringement, plaintiff THERMO FISHER has been damaged in an amount not yet determined, and has been irreparably injured by

these infringing activities, and plaintiff will continue to be damaged by such acts in the future unless Defendants' infringing activities are enjoined by this Court.

22. Plaintiffs are informed and believe, and on that basis allege, that Defendants' infringement of the '382 and '826 patents has been, and continues to be, willful, and deliberate.

Wherefore, plaintiff THERMO FISHER prays for relief as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment:

A. That Defendants be declared to have infringed, induced, and/or contributed to the infringement of one or more claims of the '382 patent and/or the '826 patent;

B. That Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them or any of them who receive actual notice of an order, be preliminarily and permanently enjoined from further infringement of the '382 and '826 patents;

C. That Defendants be ordered to account for and pay to plaintiff THERMO FISHER all damages caused by reason of Defendants' infringement of '382 and '826 patents;

D. That the damages for which Defendants are liable to plaintiff THERMO FISHER include, but not be limited to, lost profits, price erosion damages, and/or any and all consequential and/or "convoyed sales," such damages caused by virtue of Defendants' infringement of the '382 and '826 patents;

E. That appropriate damages be trebled pursuant to 35 U.S.C. § 284 by reason of Defendants' deliberate and willful infringement of the '382 and '826 patents;

F. That plaintiff THERMO FISHER be granted prejudgment and post judgment interest on the damages caused to them by reason of Defendants' infringement of the '382 and '826 patents;

G. That this case be declared an exceptional case pursuant to 35 U.S.C. § 285 in view of the deliberate and willful nature of the infringement by Defendants and that plaintiff THERMO FISHER be awarded its reasonable attorneys' fees;

H. For costs of suit; and

I. For all other relief deemed appropriate by the Court.

COMPLAINT FOR PATENT INFRINGEMENT

Dated: December 1, 2010                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____
MICHAEL D. LISI
Attorneys for Plaintiff
THERMO FISHER SCIENTIFIC, INC.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury the above count and all issues triable to a jury in this matter.

Dated: December 1, 2010                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____
MICHAEL D. LISI
Attorneys for Plaintiff
THERMO FISHER SCIENTIFIC, INC.